**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **ROHRIG INVESTMENTS, LP,** *et al*., | : | **CASE NO. 13-53483-BEM** |
| | : | **(Jointly-Administered)** |
| **Debtors.** | : | |
| | : | **CHAPTER 11** |
| | : | |
| | : | |
| | : | |
| | : | |
| **ROHRIG INVESTMENTS, LP,** | : | |
| | : | |
| **Plaintiff**, | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | **ADV. PROC. NO.  16-05151** |
| **KNUCKLE PARTNERSHIP, LLLP,** | : | |
| **3116-3136 ROSWELL ROAD, LLC,** | : | |
| **ROBERT C. LOUDERMILK, JR., and** | : | |
| **3110 ROSWELL ROAD, LLC,** | : | |
| | : | |
| **Defendants.** | : | |

**AMENDED COMPLAINT TO ENFORCE
<u>SETTLEMENT AGREEMENT AND RELEASE</u>**

Rohrig Investments, LP ("**Plaintiff**"), pursuant to the Court's Order Granting Motion to Dismiss and Granting Time to Amend (Dkt. 21) hereby states its *Amended Complaint to Enforce  Settlement Agreement and Release* against Knuckle Partnership, LLLP, 3116-3136 Roswell Road, LLC, Robert C. Loudermilk, Jr., and 3110 Roswell Road, LLC (collectively, the "**Defendants**"), respectfully showing as follows:

## JURISDICTION AND VENUE

1.      Knuckle Partnership, LLLP ("**Knuckle**") is a limited liability limited partnership organized and existing under the laws of the State of Georgia with its principal place of business located at 3060 Peachtree Road – Suite 330, Atlanta, Fulton County, Georgia 30305. Knuckle may be served via Robert C. Loudermilk, Jr., Registered Agent, at 3060 Peachtree Road – Suite 330, Atlanta, Fulton County, Georgia 30305. Knuckle is subject to the jurisdiction and venue of this Court.

2.      3116-3136 Roswell Road, LLC ("**3116-3136 Roswell Road, LLC**") is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business located at 3060 Peachtree Road – Suite 330, Atlanta, Fulton County, Georgia 30305. 3116-3136 Roswell, LLC may be served via Robert C. Loudermilk, Jr., Registered Agent, at 3060 Peachtree Road – Suite 330, Atlanta, Fulton County, Georgia 30305. 3116-3136 Roswell Road, LLC is subject to the jurisdiction and venue of this Court.

3.      Robert C. Loudermilk, Jr. ("**Robin Loudermilk**") is a citizen of Georgia residing in Fulton County, Georgia. Robin Loudermilk may be served at 3060 Peachtree Road – Suite 330, Atlanta, Fulton County, Georgia 30305. Robin Loudermilk is subject to the jurisdiction and venue of this Court.

4.      3110 Roswell Road, LLC ("**3110 Roswell Road, LLC**") is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business located at 516 East Paces Ferry Road, N.E., Atlanta, Fulton County, Georgia 30305. 3110 Roswell Road, LLC may be served via Greg Howard,

Registered Agent, at 3060 Peachtree Road – Suite 330, Atlanta, Fulton County, Georgia 30305. 3110 Roswell Road, LLC is subject to the jurisdiction and venue of this Court.

5.      Rohrig Investments, LP ("**Rohrig Investments**" or "**Plaintiff**") is a post-plan confirmation Reorganized Debtor in the jointly-administered Chapter 11 cases of *In re Rohrig Investments, LP, et al.*, jointly-administered in Case No. 13-53483-BEM (the "**Bankruptcy Cases**"), which this Court reopened by Order dated May 18, 2016. References herein to the "Bankruptcy Case" are references to the jointly-administered docket for Case No. 13-53483 (which is also Plaintiff's bankruptcy case).

6.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and the referral order of the United States District Court for the Northern District of Georgia referring proceedings to the Bankruptcy Court, and this Court may exercise subject matter jurisdiction in this case.

7.      This complaint is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A).

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

9.      This complaint is filed pursuant to Settlement Approval Order and the Settlement Agreement (each defined below) which provide that, until the Rohrig Parties (as defined below) and Defendants fully perform and satisfy all of their respective undertakings and obligations under the Settlement Agreement, this Court "shall have and retain jurisdiction to the maximum extent legally permissible to hear and determine any dispute between or among the Parties arising out of or related to the Settlement Agreement; to construe and to take any other action to enforce the Settlement Agreement; and to issue such orders as may be necessary for the implementation, execution, performance, and

consummation of the Settlement Agreement, and all matters referred to herein." (Settlement Approval Order at ¶3).[1]

## FACTS

## Events Leading Up to the Settlement Agreement

### Rohrig's Bankruptcy Case

10.    On February 19, 2013 (the "**Petition Date**"), Rohrig Investments and five of its affiliates filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

11.    Rohrig Investments, Knuckle, and Robin Loudermilk own membership interests in two limited liability companies, Loudermilk/Rohrig, LLC and 335 West Ponce Shoppes, LLC. Rohrig Investments and Knuckle own membership interests in Loudermilk/Rohrig 3261, LLC (collectively, with Loudermilk/Rohrig, LLC and 335 West Ponce Shoppes, LLC, the "**LLCs**").

12.    Loudermilk/Rohrig, LLC is owned as follows:

| | |
|---|---|
| Rohrig Investments | 50.00% |
| Robin Loudermilk | 27.78% |
| Knuckle | 22.22% |

R. Charles Loudermilk, Sr. ("**Charlie Loudermilk**"), Robin Loudermilk's father and an original member of Loudermilk/Rohrig, LLC who made a significant capitalization loan to the LLC, transferred his 22.22% interest in the LLC to Knuckle on December 14, 2010. *See* Bankruptcy Case Dkt. 442 at 6; Dkt. 442-1 at 2, 6, 42, and 60.

---

[1] This complaint is also filed pursuant to the *Second Amended and Restated Joint Plans of Reorganization of 431 W. Ponce de Leon, LLC, Cartel Properties II, LLC, Rohrig Investments, LP, and 525 Moreland Avenue, LLC (Dated October 15, 2014)* (Dkt. 957), as modified by the *First Modification to Second Amended and Restated Joint Plans of Reorganization of 431 W. Ponce de Leon, LLC, Cartel Properties II, LLC, Rohrig Investments, LP, and 525 Moreland Avenue, LLC (Dated October 27, 2014)* (Dkt. 973), (the "**Plan**"), which Plan this Court confirmed under its October 30, 2014 *Order Confirming Second Amended and Restated Joint Plans* (Dkt. 1033). Specifically, Article IX of the Plan provided for the retention of jurisdiction by this Court for purposes of entering orders implementing the Plan, enforcing the Plan's terms, or as necessary to ensure the Plan's consummation.

13.    335 West Ponce Shoppes, LLC is owned as follows:

Rohrig Investments       50.00%

Robin Loudermilk         27.78%

Knuckle                  22.22%

Charlie Loudermilk, an original member of 335 West Ponce Shoppes, LLC,
transferred his 22.22% interest in the LLC to Knuckle on December 14, 2010. *See* Bankruptcy
Case Dkt. 442 at 6; Dkt. 442-2 at 2, 36.

14.    Loudermilk/Rohrig 3261, LLC is owned as follows:

Rohrig Investments       50.00%

Knuckle                  50.00%

Charlie Loudermilk, an original member of Loudermilk/Rohrig 3261, LLC who made
a significant capitalization loan to the LLC, transferred his 50.00% interest in the LLC to
Knuckle on December 14, 2010. *See* Bankruptcy Case Dkt. 442 at 6; Dkt. 442-2 at 2, 3, 18, 23.

15.    On information and belief, Charlie Loudermilk has a direct or indirect
ownership interest in Knuckle on account of his transferring his original, individual
interests in the LLCs to Knuckle in December of 2010.

16.    The LLCs, in turn, own various real estate properties. The properties, which are more
particularly described in the exhibits to the Settlement Agreement (as later defined herein), are as
follows:  335 West Ponce Shoppes; 345/359 Ponce de Leon; 800 Peachtree; 805 Peachtree; 881
Peachtree; 903 Peachtree; 3261 Roswell Road; 3807-3817 Main Street; and Juniper.

17.    At the time that Rohrig Investments commenced its Bankruptcy Case, Rohrig
Investments and Robin Loudermilk were co-managing members of each of the LLCs.

18.     As a consequence of Rohrig Investments' commencement of its Bankruptcy Case,
Knuckle and Robin Loudermilk asserted that Rohrig Investments had become dissociated
pursuant to the Operating Agreements of those non-debtor LLCs and, therefore, that Rohrig
Investments no longer possessed the authority to act as a co-managing member of the LLCs.

19.     Knuckle and Robin Loudermilk filed a *Motion for Limited Relief from the Automatic
Stay to Enforce Dissociation Provisions and Transfer Restrictions in Non-Debtor Operating
Agreements* on January 22, 2014 (Dkt. 442 in Bankruptcy Case) (the "**Dissociation Motion**").

20.     The Bankruptcy Court granted the Dissociation Motion pursuant to an *Order
Granting Limited Motion for Relief from the Automatic Stay* dated August 19, 2014 (Dkt. 891 in
the Bankruptcy Case) (the "**Dissociation Order**").

21.     Rohrig Investments timely-filed an appeal of the Dissociation Order in the U.S.
District Court for the Northern District of Georgia (Atlanta Division) styled as *Rohrig
Investments, LP, Appellant v. Knuckle Partnership, LLLP and Robert C. Loudermilk, Jr.,
Appellees*, Case No.: 1:14-cv-3037-AT (the "**Appeal**").

22.     The Dissociation Motion, the Dissociation Order, and the Appeal are referred to
herein, collectively, as the "**Dissociation Dispute**".

### Parties' History with the Roswell Road Property

#### Formation of Loudermilk/Rohrig 3084

23.     On October 27, 2004, R. Bailey Teague, Jr., then an attorney at Kilpatrick
Stockton, organized Loudermilk/Rohrig 3084, LLC ("**Loudermilk/Rohrig 3084**"),
with the Georgia Secretary of State.

24.     At the outset, Mr. Teague identified Charlie Loudermilk as Loudermilk/Rohrig
3084's Registered Agent.

25.    Charlie Loudermilk continued as the Registered Agent through and including Loudermilk/Rohrig 3084's administrative dissolution in 2011.

26.    According to § 1.5(a) of Loudermilk/Rohrig 3084's Operating Agreement, dated October 27, 2004, by and between Charlie Loudermilk and Rohrig Investments, and as may have been amended, the "purpose of the Company shall be to acquire . . . own, lease, dispose of and operate the Property known as 3084-3130 Roswell Road, Atlanta, Georgia."

27.    Notwithstanding Mr. Teague's designation that the LLC would be managed by managers chosen by the LLC's members, the Operating Agreement vested managerial authority in Charlie Loudermilk and Rohrig Investments, jointly, as members, with Charlie Loudermilk and Rohrig Investments each owning a 50% membership interest in the LLC.

28.    On information and belief, 3110 Roswell Road, LLC (owned 100% by Charlie Loudermilk) later substituted in for Charlie Loudermilk as a 50% member before July 31, 2007.

### Loudermilk/Rohrig 3084's Initial Ownership of the Roswell Road Property

29.    Before making the conveyances described, *infra*, Loudermilk/Rohrig 3084 owned all of the property in Fulton County, Atlanta, Georgia, numbered generically as 3100 Roswell Road, described in the Operating Agreement as "3084-3130 Roswell," and consisting, in total, of approximately 2.29 acres (the "**Roswell Road Property**").

30.    In turn, the 2.29 acre Roswell Road Property consisted of three separate tax parcels, each owned by Loudermilk/Rohrig 3084, and running North to South:

| | |
|---|---|
| 3126 Roswell Road | .95 acres |
| 3116 Roswell Road | .22 acres |
| 3084 Roswell Road | 1.12 acres |
| **Total** | **2.29 acres** |

31.     A true and correct copy of a "Consolidation Map for the Novare Group" dated February 1, 2006 and prepared by Highland Engineering, Inc. is attached hereto as **Exhibit 1** and incorporated herein by this reference (the "**2006 Consolidation Map**").

32.     The 2006 Consolidation Map depicts the Roswell Road Property, collectively, and also depicts the manner in which it was split into three tax parcels.

33.     To be sure, the Roswell Road Property contained the Roxy Theatre (which is now controlled by the Loudermilks), the 3116-3136 Roswell Road property (which is now the site of the Hanover development from which the "parking dispute" originated), the "8 at 8" property (which is the primary subject of this lawsuit), and the retail stores located South of the 8 at 8 property (which are now owned by the Rohrigs).

<u>Sale of the 3116 Property to Novare</u>

34.     On January 15, 2005, Loudermilk/Rohrig 3084 entered into an Option Agreement with Novare Development, LLC ("**Novare**") granting Novare a $7.5 million purchase option on the 3116 and 3126 Roswell Road parcels (collectively, the "**3116 Property**" and consisting, as shown, *supra*, of approximately 1.17 acres) for $500,000 through and including January 15, 2007.

35.     The same parties extended the Option Agreement through January 18, 2007 via a First Amendment to Option Agreement dated January 16, 2007.

36.     The same parties plus Rohrig Investments amended the Option Agreement a second time on January 19, 2007 with their Second Amendment to Option Agreement.

37.     The Second Amendment provided that Loudermilk/Rohrig 3084 would first transfer an undivided 50% interest in the 3116 Property to Rohrig Investments and

then Loudermilk/Rohrig 3084 and Rohrig Investments would transfer their respective 50% undivided interests in the 3116 Property to Novare.

38.     The Second Amendment also had Novare, Loudermilk/Rohrig 3084, and Rohrig Investments agreeing that Loudermilk/Rohrig 3084 and Rohrig Investments would have an opportunity to participate in the ownership of an LLC that would own and operate the parking garage that Novare intended to build on the 3116 Property.

39.     On January 19, 2007, Novare then assigned its interest in the Option Agreement, as amended by the First and Second amendments, to 3116 Roswell Road, LLC which, at that time, was owned 100% by Novare.

40.     On January 19, 2007, 3116 Roswell Road, LLC (a Novare entity) purchased the 3116 Property from Loudermilk/Rohrig 3084 and Rohrig Investments.

41.     Specifically, Loudermilk/Rohrig transferred its 50% interest in the 3116 Property to 3116 Roswell Road, LLC for $3.75 million on January 19, 2007.

42.     Similarly, Rohrig Investments transferred its 50% interest in the 3116 Property to 3116 Roswell Road, LLC for $3.75 million on January 19, 2007.

### The "Loudermilk/Rohrig 3084 Split"

43.     After Loudermilk/Rohrig 3084 transferred the 3116 Property to 3116 Roswell Road, LLC, Loudermilk/Rohrig 3084 was left, in pertinent part, with the 3084 Roswell Road parcel.

44.     Desiring to split that remaining parcel among Rohrig and Loudermilk interests, Loudermilk/Rohrig 3084, Rohrig Investments, and 3110 Roswell Road, LLC entered into a transaction that they referred to as the "L/R 3084 Split."

45.    To effectuate the split of the remaining 3084 Roswell Road parcel, Loudermilk/Rohrig 3084 ordered an updated Boundary Survey from Watts & Browning Engineers, Inc. ("**Watts**").

46.    Watts delivered a "Boundary Survey for Loudermilk/Rohrig 3084, LLC" dated September 17, 2004 and last revised on August 1, 2007 (the "**2007 Boundary Survey**"). A true and correct copy of the Boundary Survey, in its form as of April 27, 2007, is attached hereto as **Exhibit 2** and incorporated herein by this reference.

47.    The Boundary Survey depicts the Roswell Road Property, as a whole, and also depicts the remaining 3084 Roswell Road parcel, split into three (3) tracts:

> **Tract 1** (containing the Roxy Theatre and all of the 8 at 8 Property)
>
> **Tract 2** (containing the demised interior wall space of .00745 acres sitting between the buildings numbered 3098 and 3102 Roswell Road)[2]
>
> **Tract 3** (containing the Roswell Road Property retail shops South of 8 at 8)

48.    The Boundary Survey also lists definitive real estate descriptions for Tract One, Tract Two, Tract Three, and Tract Two and Three (combined).

49.    The Boundary Survey also incorporates prior "Reference Material," including various plats prepared by Watts for George Rohrig in the 1980s and a Land Survey prepared for Novare by Highland Engineering dated January 2, 2007 and related to the 2006 Consolidation Map for the prior 3116 Property transaction.

50.    On July 31, 2007, and in strict reliance on the 2007 Boundary Survey, Loudermilk/Rohrig 3084 (through Rohrig Investments, its Sole General Partner),

---

[2] 3098 Roswell Road is occupied by Peachtree Bikes, a Rohrig-affiliated tenant and 3102 Roswell Road is occupied by Eight at Eight, LLC, a Loudermilk-affiliated tenant. Eight at Eight, LLC, a Georgia LLC, has long-operated the "Eight at Eight Dinner Club" on the 8 at 8 Property, which sits entirely on Tract 1.

transferred all of its remaining ownership in the Roswell Road Property to 3110 Roswell Road, LLC and Rohrig Investments per the terms of the Split.

51.     3110 Roswell Road, LLC, a Defendant in this lawsuit, is a Georgia limited liability company that Mr. Teague organized on December 12, 2006, with Robin Loudermilk identified as the LLC's initial Registered Agent.

52.     On information and belief, Charlie Loudermilk is 3110 Roswell Road, LLC's Manager and Sole Member.

53.     Specifically, Loudermilk/Rohrig 3084 conveyed Tract One on 3084 Roswell Road to 3110 Roswell Road, LLC on July 31, 2007. A true and correct copy of the Limited Warranty is attached hereto as **Exhibit 3** and incorporated herein by this reference.

54.     Further, Loudermilk/Rohrig 3084 conveyed Tracts Two and Three on 3084 Roswell Road to Rohrig Investments on July 31, 2007 (the "**3084 Property**"). A true and correct copy of the Limited Warranty Deed is attached hereto as **Exhibit 4** and incorporated herein by this reference.

55.     Both Limited Warranty Deeds incorporate the 2007 Boundary Survey by express reference; refer to "Tract One" for the conveyance to 3110 Roswell Road, LLC and "Tract Two" and "Tract Three" for the conveyance to Rohrig Investments; contain exhibits with the headers "RI Parcel" (to denote the property for Rohrig Investments) and "3110 Parcel" (to denote the property for 3110 Roswell Road, LLC); and use the exact same real estate descriptions shown on the 2007 Boundary Survey.

56.     Notably, the "centerline of [the] interior demising wall" (marked on the 2007 Boundary Survey with a distance of 72.42 feet) is the Southern wall of the building that is numbered 3102 Roswell Road and contains the 8 at 8 Property. That

wall also serves as a definitive segment of the boundary between Tracts Two and Three. In other words, the 8 at 8 Property is contained solely within Tract One, the tract that Loudermilk/Rohrig 3084 conveyed to 3110 Roswell Road, LLC.

57.     With Loudermilk/Rohrig 3084's interest in the Roswell Road Property divided-up, the Rohrigs and the Loudermilks were free to manage and sell their respective pieces of the Roswell Road Property going forward.

58.     In or about September of 2007, Rohrig Investments, George Rohrig, and Gary Pollack ordered from Valentino & Associates, Inc. ("**Valentino**") a *Boundary, Topographic & Utility Survey* for the 3084 Roswell Property and for certain property South of the 3084 Roswell Road Property that Mr. Rohrig and Mr. Pollack owned jointly (the "**2007 Valentino Survey**"). A true and correct copy of the 2007 Valentino Survey is attached hereto as **Exhibit 5** and incorporated herein by this reference.

59.     The 2007 Valentino Survey shows a Job and File Number of 27077, incorporates the 2006 Consolidation Map and the 2007 Boundary Survey by reference, and shows that Valentino plotted the survey on November 19, 2007.

### The 3116 Parking Dispute

### Novare Sells the 3116 Property to the Loudermilks

60.      On March 31, 2008, 3116 Roswell Road, LLC, a Novare entity and not to be confused with the Defendant in this lawsuit, sold the 3116 Property to 305-309 Pharr Road, LLC ("**Pharr Road, LLC**") for $8 million.

61.     Novare had purchased the 3116 Property from Loudermilk/Rohrig 3084 and Rohrig Investments, but never developed the 3116 Property.

62.    Pharr Road, LLC is a Georgia limited liability company that Mr. Teague organized on February 22, 2007, with Robin Loudermilk identified as the LLC's initial Registered Agent.

63.    On account of Rohrig Investments' interest in and rights under the Second Amendment to Option Agreement, described, *supra*, Rohrig Investments agreed to execute a Termination of Option Agreement dated March 31, 2008 (the "**Termination Agreement**") in connection with the closing of the transfer of the 3116 Property to Phar Road, LLC.

64.    Rohrig Investments agreed to sign the Termination Agreement based on representations from Charlie Loudermilk that, notwithstanding the Termination Agreement, Rohrig Investments' rights pursuant to the Second Amendment would be preserved.

65.    Contemporaneously with the execution of the Termination Agreement, Charlie Loudermilk and George Rohrig executed a document (the "**Handwritten Agreement**").

66.    The Handwritten Agreement provides:  "In exchange for termination of the Second Amendment to Option Agreement between Loudermilk/Rohrig 3084, LLC, Rohrig Investments, LP, and Novare Development, LLC by George W. Rohrig, Jr., R. Charles Loudermilk, Sr. agrees to honor any and all rights that Mr. Rohrig currently has pursuant to that document.  s/ Robert C. Loudermilk s/ George Rohrig."

67.    Therefore, by March 31, 2008, the Loudermilks owned the 3116 Property, which is the property North of and adjacent to the Roxy Theatre.

68.    On December 23, 2009, Phar Road, LLC changed its name to 3116-3136 Roswell Road, LLC, a Defendant in this lawsuit and defined as one of the Loudermilk Parties under the Settlement Agreement (as later defined herein).

69.     Defendant 3116-3136 Roswell Road, LLC represented to this Court on October 20, 2014 in support of its request for a TRO in the Parking Dispute that Rohrig Investments has never owned an interest in Phar Road, LLC or in 3116-3136 Roswell Road, LLC (Phar Road, LLC's "successor by name change"). 3116 Adversary Dkt. 4-1 at 3.

70.     Indeed, as represented by 3116-3136 Roswell Road, LLC to this Court, Charlie Loudermilk, Robin Loudermilk, and Greg Howard owned Phar Road, LLC and now own 3116-3136 Roswell Road, LLC, which LLC owns the 3116 Property.  3116 Adversary Dkt. 4-1 at 3.

71.     In other words, Charlie Loudermilk, Robin Loudermilk, and Greg Howard have individual and personal ownership interests in Defendant 3116-3136 Roswell Road, LLC.

Parking Rights Dispute Halts Loudermilks' Sale of the 3116 Property to Hanover

72.      On August 12, 2014, 3116-3126 Roswell Road, LLC agreed to sell the 3116 Property to Hanover R.S. Limited Partnership ("**Hanover**") for a purchase price exceeding $10 million.

73.     On August 27, 2014 and prior to such sale to Hanover, Rohrig Investments filed an Affidavit Regarding Parking Rights (the "**Parking Rights Affidavit**") in the Superior Court of Fulton County, Georgia.

74.     Under the Parking Rights Affidavit, Rohrig Investments claimed parking rights in the 3116 Property by virtue of the Second Amendment to Option Agreement, the Termination Agreement, and the Handwritten Agreement, and claimed that "the rights of [Rohrig Investments] pursuant to the Parking Rights Agreement are in full force and effect and are binding upon [3116-3136 Roswell Road, LLC] and any subsequent owner of the Land." (Affidavit at ¶3.)

75.     In part to remove the Parking Rights Affidavit from the public record, 3116-3136 Roswell Road, LLC commenced an adversary proceeding in the Bankruptcy Case against Rohrig

Investments and George Rohrig by *Verified Complaint* dated October 17, 2014, Adversary Case

No. 14-05329-BEM (the "**3116 Adversary Action**"), along with a *Motion for a Temporary*

*Restraining Order* (Dkt. 4 in the 3116 Adversary Action).

### Overview of the Settlement Agreement

#### Negotiations Leading-Up to the Announced Settlement

76.     On October 22, 2014, following the initial TRO hearing in the 3116 Adversary

Action, the Rohrigs (including Rohrig Investments, George Rohrig, Matt Rohrig, Al Rohrig,

John Frasier, Stephen DeWitt) and their attorneys from Stone & Baxter engaged in extensive

negotiations, late into the evening, with the Loudermilks (including Robin Loudermilk, Greg

Howard, Knuckle, and 3116-3136 Roswell Road, LLC) and their respective attorneys from

Greenberg Traurig and McKenna Long at Greenberg's offices in Atlanta.

77.     The purpose of the negotiations was to reach a consensual resolution of three related

matters: (1) the Dissociation Issue, (2) dividing ownership of the LLCs' properties among the

Rohrigs and Loudermilks, and (3) the Parking Dispute (collectively, the "**Disputes**").

78.     Although the parties did not resolve the Disputes that evening, the template for their

eventual settlement arose from those talks, including the concepts of splitting the LLCs'

properties between the two sides, assenting on the Dissociation Issue as a result of such property

split, and having the Loudermilks convey to the Rohrigs the 8 at 8 Property as a means of

resolving the Parking Dispute and related 3116 Adversary Action.

79.     For example, on October 23, 2014 and on behalf of the Rohrigs, Ward Stone emailed

a global settlement offer to Mike King for the Loudermilks.

80.     In pertinent part on the Parking Dispute, the Rohrigs proposed that "Rohrig gets the

'8 at 8' space including land ***all the way to Early [S]treet*** . . ." (emphasis added).

81.     On October 25, 2014, and on behalf of the Loudermilks, Mike King emailed a global settlement counter to Ward Stone for the Rohrigs setting out what each and every one of the relevant Loudermilk parties (including 3110 Roswell Road, LLC) was willing to do to reach a global settlement of the Disputes.

82.     In pertinent part on the Parking Dispute, the Loudermilks countered that the "8 at 8 retail space," owned by 3110 Roswell Road, LLC, "will be transferred to Rohrig as platted, without an extension to Early Street."

83.     Mike King also indicated that there "will be complete releases of the LLC members and their principals and related parties (including Robert C. Loudermilk, Sr., Robert C. Loudermilk, Jr., Knuckle, George Rohrig and Rohrig Investments)."

84.     On October 27, 2014, Ward Stone responded with a counter to the Loudermilks' October 25, 2014 counter..

85.     In pertinent part on the Parking Dispute, the Rohrigs countered that the "8 at 8 retail space will be transferred to Rohrig as platted, with [typo omitted] an extension to Early Street, adjustable as necessary as to not interfere with the existing Roxy encroachments."

86.     On October 28, 2014, with the Disputes still unresolved, the parties attended the follow-up preliminary injunction hearing in the 3116 Adversary Action.

87.     However, in lieu of an evidentiary hearing, the parties conducted a global settlement conference in the Attorney's Room at the Bankruptcy Court.

88.     Specifically, the following parties attended:

**For the Rohrigs:** Rohrig Investments; George Rohrig; John Frasier; Matt Rohrig; Al Rohrig; Stephen Dewitt; and their attorneys, Ward Stone and David Bury.

> **For the Loudermilks:** Robin Loudermilk; Greg Howard; Knuckle; 3116-3136
>
> Roswell Road, LLC; and their attorneys from Greenberg (Ernest Greer, Mike King,
>
> and Sean Gordon) and their attorney from McKenna Long (Gary Marsh).

89.     A major point of discussion included the issue of how to resolve the Parking Dispute. That is, how to (i) permit 3116-3136 Roswell, LLC's pending $10 million sale of the 3116 Property to Hanover to proceed, for the benefit of 3116 and its owners (i.e., Robin Loudermilk, Charlie Loudermilk, and Greg Howard) and (ii) find a substitute for the parking rights that Rohrig Investments would have to relinquish to permit that sale to proceed, for the benefit of Rohrig Investments and its owners (namely, George Rohrig).

90.     Once it became clear that guaranteeing Rohrig Investments and its tenants substitute parking in future developments or in developments outside of the Loudermilks' control, Robin Loudermilk and Greg Howard softened their position on the 8 at 8 Property deal point.

91.     That is, Robin Loudermilk and Greg Howard, who had always agreed that 3110 Roswell Road, LLC would convey the 8 at 8 Property to Rohrig Investments, "as platted," finally agreed that 3110 Roswell Road, LLC would convey the 8 at 8 Property to Rohrig Investments with an extension of the property line on the 8 at 8 Property to Early Street on the condition that the extension to Early Street would be accompanied by cross-easements for the Loudermilks' use of the Roxy Theatre's loading dock and the area surrounding the loading dock.

92.     Indeed, the parties in the settlement conference—especially the business representatives who had co-owned the Roxy Theatre for years, who were intimately familiar with its layout and improvements, and who had ordered multiple surveys of the 3110 property over the years—were explicitly aware that the agreed on extension would cover a portion of the dock.

93.    However, with the parties conducting their settlement conference on the Court's schedule and with the Court awaiting announcements on the TRO hearing, the litigation attorneys in attendance (who were without their real estate specialists and access to the plats, surveys, and the real estate record) agreed that 3110 Roswell Road, LLC would convey the 8 at 8 Property with an extension to Early Street over the dock so long as extending the property line in the manner was "legally possible" after consulting such specialists and real estate documents.

94.    In other words, there was no doubt that 3110 Roswell Road, LLC was willing to convey the 8 at 8 Property with the line extended to Early Street and through the loading dock.

95.    Rather, having reached a global agreement in principle, the Loudermilks and their attorneys left 3110 Roswell Road, LLC an "out" for matters in the real estate record or arising by operation of real estate law over which 3110 Roswell Road, LLC had no control.

<u>The Announced Settlement</u>

96.    Rohrig Investments and George Rohrig (collectively, the "**Rohrig Parties**"), on the one hand, and Knuckle, 3116-3136 Roswell Road, LLC, and Robin Loudermilk (collectively, the "**Loudermilk Parties**"), on the other hand, announced the terms of their global settlement in this Court on October 28, 2014 (the "**Announced Settlement**").

97.    Specifically, Mike King, as the scrivener, and explicitly on behalf of 3116-3136 Roswell Road, LLC, read the settlement terms to the Court on the understanding that other attorneys who participated in the settlement conference would supplement or clarify.

98.    When Mr. King read the settlement terms into the record, he spoke in terms of 3110 Roswell Road, LLC conveying the 8 at 8 Property with an extension to Early Street if the line extension, itself, is "legally possible":

> Within three business days, the owner of a property on Roswell Road that houses the 8 at 8 store, that LLC is controlled by Robert C. Loudermilk,

Senior, **will deliver** a deed to Rohrig Investments for the 8 at 8 property by limited warranty deed in fee subject to encumbrances of record. In addition, it is the intention of the parties that, **to the extent it is legally possible to extend the property lines** bordering the 8 at 8 property to Early Street, which is slightly west from where the 8 at 8 property is, that -- and subject to documentation and survey, as necessary, which will be split by Rohrig Investments and Loudermilk on a 50-50 basis up to $10,000.00 . . . To the extent that that is possible, a deed will be delivered giving that extension of property, subject to necessary cross-easements, as necessary, to also serve the Loudermilk-Knuckle and other Loudermilk properties.

Transcript, at 3:15 to 4:11 (emphasis added).

99.     With off the record prompting from his colleague, Mr. Greer, Mr. King emphasized that the "releases that are intended are intended to be very broad, and will include the principals and related parties, and it is here on my notes, the LLCs themselves, the members, their principals, related parties. And that includes also Greg Howard, who is a member of 3116." *Id*. at 7:25 to 8:1-8.

100.    Mr. Marsh also supplemented the record, explaining to the Court that

*The only part of the settlement the parties would envision implementing immediately, really is a settlement of the adversary proceeding so the quit-claim deed for 3116 and the deed to the Debtor of the 8 at 8 space*, that would happen prior to Court approval of the overall settlement. But that we would implement this week, is the understanding. And then the *reciprocal easement that Mr. King talked about relating to the 8 at 8 would help service the Buckhead Theater. That would be an easement of access for that property.*

*Id*. at 11:13 to 11:22 (emphasis added).

<u>Documenting the Settlement Agreement</u>

101.    Following the October 28, 2014 hearing, the attorneys for the parties began documenting the Settlement Agreement per the terms of the Announced Settlement.

102.    After exchanging at least fifteen (15) drafts of the Settlement Agreement from October 29, 2014 to November 8, 2014, the Rohrig Parties and the Loudermilk Parties reduced the Announced Settlement to a definitive *Settlement Agreement and Release* (the "**Settlement**

**Agreement**"). A copy of the Settlement Agreement is attached to the Settlement Approval Order as Exhibit A (which Settlement Approval Order is defined, *infra*, attached hereto as **Exhibit 6**, and incorporated herein by this reference).

103.    On information and belief, the Loudermilk Parties executed the Settlement Agreement, and delivered their signatures to the Rohrig Parties, on Saturday, November 8, 2014.

104.    The Rohrig Parties executed the Settlement Agreement, and delivered their signatures to the Loudermilk Parties, on Monday, November 10, 2014.

105.    However, the Settlement Agreement and the parties' respective obligations under the Settlement Agreement were expressly subject to and dependent on Bankruptcy Court approval under Bankruptcy Rule 9019.

The General Terms and Conditions of the Settlement Agreement

106.    The Settlement Agreement incorporates the Announced Settlement by express reference. *See* Settlement Agreement, *generally*.

107.    The Settlement Agreement required, *inter alia*, all of the following, each of which was to serve as an initial undertaking to effectuate the Settlement Agreement: (i) withdrawal of 3116-3136 Roswell Road, LLC's objection to confirmation of the Plan (which occurred prior to confirmation of the Plan); (ii) dismissal of the 3116 Adversary Action without prejudice (which occurred on October 29, 2014 at Dkt. 1031 in the 3116 Adversary Action); (iii) withdrawal of Robin Loudermilk's and Knuckle's proofs of claims in the Bankruptcy Case and Rohrig Investments' objections to such claims (which occurred on December 4, 2014 and December 8, 2014, respectively, at Dkts. 1055 and 1057 in the Bankruptcy Case); and (iv) and dismissal of the Appeal (which occurred on December 8, 2014 at Dkt. 9 in the Appeal).

108.     The agreement by the Loudermilk Parties to deed the 8 at 8 Property to Rohrig
Investment and the agreement by the Rohrig Parties to quitclaim any interest in the parking
spaces at 3116 Property was a "one-to-one" deal in which both properties were viewed as being
equally valuable to the receiving party.

109.     What the parties call the 8 at 8 property is currently a part of property numbered in
Fulton County, Georgia as 3110 Roswell Road and owned by 3110 Roswell Road, LLC (the "**8
at 8 Property**").

110.     Section 3.0 of the Settlement Agreement provides that:

> Within three (3) business days of Authorization, the Loudermilk Parties will
> obtain from 3110 Roswell Road, LLC and deliver to Rohrig a Limited
> Warranty Deed granting title to Rohrig of property known as the 8 at 8 space
> subject to encumbrances of record.  The 8 at 8 space (the "8 at 8 Property") is
> currently a part of property numbered in Fulton County, Georgia as 3110
> Roswell Road.  In consultation with Rohrig's surveyors and attorneys, and to
> the extent it is legally possible, the Loudermilk Parties will obtain from 3110
> Roswell Road, LLC and convey to Rohrig by limited warranty deed an
> extension of the property lines for the 8 at 8 Property westward to Early Street
> subject to documentation and surveys, as necessary.  Any extension of the
> property lines will include cross easements for the benefit of 3110 Roswell
> Road, LLC and the Loudermilk Parties.  In addition, the Loudermilk Parties
> will obtain from 3110 Roswell Road and convey to Rohrig an easement for
> pedestrian traffic to the portion of the 3110 Roswell Road property commonly
> known as the "breezeway."  The Rohrig Parties and the Loudermilk Parties
> will split the costs of documentation and surveys related to the conveyance of
> the 8 at 8 Property, and any extension or relocation of property lines, up to
> $10,000 on a 50-50 basis.

(Settlement Approval Order at Exhibit A, 9 ¶3).

111.     Section 4.0 of the Settlement Agreement recites that Rohrig Investments and George
Rohrig had "already delivered to 3116 a Quitclaim Deed conveying any rights they have in the
3116 Property, including a release of parking rights." (Settlement Approval Order at Exhibit A, 9
¶4).

<u>Matters Leading-Up to and Following Bankruptcy Court Approval of the Settlement Agreement</u>

112.    On November 13, 2014, Rohrig Investments filed in the Bankruptcy Cases its *Motion for Authorization to Enter Into a Compromise and Settlement Agreement Pursuant to Rule 9019* (Dkt. 1040 in the Bankruptcy Case) (the "**Settlement Motion**").

113.    On or before November 14, 2014, Rohrig Investments requested that Valentino update the 2007 Valentino Survey to reflect a conveyance from 3110 Roswell Road, LLC to Rohrig Investments of the 8 at 8 Property in the extended configuration contemplated in Announced Settlement and in the Settlement Agreement.

114.    On information and belief, Valentino conducted a field visit on November 14, 2014 for purposes of updating the 2007 Valentino Survey (which 2007 survey is attached hereto, *supra*).

115.    On November 20, 2014, Valentino delivered to Rohrig Investments a Boundary Survey that was addressed to Rohrig Investments (the "**2014 Rohrig Survey**"). A true and correct copy of the 2014 Rohrig Survey is, along with an accompanying email thread between Valentino and Rohrig Investments, attached hereto as **<u>Exhibit 7</u>** and incorporated herein by this reference.

116.    Specifically, Exhibit 27 shows that Valentino emailed the 2014 Rohrig Survey to Rohrig Investments on November 20, 2014 along with a definitive legal description for the property that 3110 Roswell Road, LLC agreed to convey to Rohrig Investments.

117.    In the November 20, 2014 email, Valentino explained to Rohrig Investments that:

> Attached are a PDF of our survey and a legal. The attached survey is mainly for negotiation/approval/closing purposes. We need to record a Non-Residential Replat Survey at Fulton County so they will change their Tax Maps to where the 0.075 acres is ***combined*** with Rohrig's property to the south. According to the City's regs, you are supposed to have the Replat approved before the 0.075 acres is conveyed.

*Id.* at 2 (emphasis added).

118.    In other words, Valentino viewed the Settlement Agreement as simply contemplating that the Northern building line on the 8 at 8 Property would be extended to Early Street and that, because Rohrig Investments already owned the adjoining 3084 Roswell Road Property to the South, the existing boundary line between Rohrig Investments' and 3110 Roswell Road, LLC's properties would be replaced by that extended property line.

119.    According to Valentino, that "lot consolidation," whereby the 8 at 8 Property, with its extended line, would be legally consolidated into Rohrig Investments' existing property, would be accomplished in Fulton County by a nonresidential replat survey. *See Id.* at 1-2.

120.    That is exactly how the Loudermilk Parties viewed the Settlement Agreement.

121.    On information and belief, during the week of December 1, 2014, Greg Howard transmitted the 2014 Rohrig Survey to Mr. Teague so that Mr. Teague could prepare a Limited Warranty Deed whereby 3110 Roswell Road, LLC would convey to Rohrig Investments the 8 at 8 Property as extended and depicted on the 2014 Rohrig Survey.

122.    On December 3, 2014, this Court conducted a hearing on the Settlement Motion.

123.    On December 4, 2014 at 10:45 a.m., this Court entered its *Order Approving Compromise and Settlement Agreement Among the Rohrig Parties and the Loudermilk Parties Pursuant to Rule 9010* (Dkt. 1054 in the Bankruptcy Case) (the "**Settlement Approval Order**"). A copy of the Settlement Approval Order is attached hereto and incorporated herein by this reference.[3]

---

[3] References to page numbers in the Settlement Agreement are references to page numbers at the bottom of Exhibit A of the Settlement Approval Order (which Order included the Settlement Agreement as its Exhibit A).

124.    By definition, the field study for the updated 2014 Rohrig Survey and the updated

2014 Rohrig Survey, itself, pre-dated this Court's approval of the Settlement Agreement by

approximately three weeks and two weeks, respectively.

125.    On December 4, 2014 at 1:38 p.m., Mr. Teague, in an email titled "3110 Roswell

Road/Rohrig Investments," emailed Greg Howard a "draft Limited Warranty Deed for the

property reflected on the [2014 Rohrig Survey] you sent over earlier this week. The survey also

needs to be addressed to 3110 Roswell Road, LLC. Once revised that version can be attached [to

the Limited Warranty Deed] as Exhibit D." A true and correct copy of Mr. Teague's email to

Greg Howard is attached hereto as **Exhibit 8** and incorporated herein by this reference.

126.    Attached to Mr. Teague's email is a draft Limited Warranty Deed ("**3110's**

**Proposed Deed**") having 3110 transfer to Rohrig Investments exactly the same 3,265 square foot

property (i.e., the 8 at 8 Property with the Northern line extended to Early Street) shown on the

2014 Rohrig Survey that Rohrig Investments forwarded to Mr. Howard and Mr. Howard then

forwarded to Mr. Teague. *Id.* at 3-10.

127.    Specifically, 3110's Proposed Deed (i) includes the 8 at 8 Property as originally

platted; (ii) has the Northern building line on the 8 at 8 Property extending straight back to Early

Street through a portion of the Roxy Theatre's loading dock and as far as it will go within the

boundaries of 3110 Roswell Road, LLC's Property; (iii) has the Southern boundary line between

Rohrig Investments' and 3110 Roswell Road, LLC's property unchanged (a segment of which

unchanged boundary line tracks the entirety of the Southern building line on the 8 at 8 Property);

and (iv) uses the real estate description that Valentino prepared and attached to the 2014 Rohrig

Survey (which real estate description incorporates the 2014 Rohrig Survey by reference). *Id.* at 6.

128.    Further, Mr. Teague, presumably at 3110 Roswell Road, LLC's direction and consistently with the 2014 Rohrig Survey and the Settlement Agreement, also described definitively (i) the cross-easements for the Loudermilk Parties over the loading dock (because the Proposed Deed has a portion of the loading dock being conveyed to Rohrig Investments) and (ii) the easements for the Rohrig Parties to the breezeway. *Id*. at 4.

129.    Further, Mr. Teague also described definitively 3110 Roswell Road, LLC's remaining property following the conveyance (i.e., all of the property remaining on the 3110 Roswell parcel that is North (or to the right on the 2014 Rohrig Survey) of the new boundary line formed by extending the Northern building line on the 8 at 8 Property to Early Street). *Id*. at 8-9.

130.    Further, however, Mr. Teague, for reasons unknown to Rohrig Investments, also reserved for 3110 Roswell Road, LLC a "permanent, no-build easement on, over, and across the Property such that [Rohrig Investments] shall not construct or permit to be constructed any additional buildings or other vertical improvements on the Property" other than "landscaping," "sidewalks," and "other minor improvements of a similar nature." *Id*. at 4.

131.    On December 4, 2014, barely two hours after receiving 3110's Proposed Deed from Mr. Teague, Mr. Howard forwarded Mr. Teague's email with 3110's Proposed Deed to John Frasier, a Rohrig Investments principal. *Id*. at 1.

132.    Specifically, Mr. Howard explained to Mr. Frasier that:

> I am forwarding the draft Limited Warranty Deed that Bailey prepared which includes the perpetual easement provisions.  Please note that *we* need Valentino to address the survey to ***3110 Roswell Road, LLC***. Please let me know any comments by tomorrow. ***I will not be able to provide an executed copy tomorrow, but can provide on Monday*** [December 8, 2014].

*Id*. at 1 (emphasis added).

133.    On information and belief, Mr. Howard transmitted the Proposed Deed to Mr. Frasier with express authority from 3110 Roswell Road, LLC.

134.    On information and belief, Mr. Howard had express authority from 3110 Roswell Road, LLC to represent to Mr. Frasier that 3110 Roswell Road, LLC would execute the Proposed Deed by Monday, December 8 and deliver the executed Proposed Deed to Rohrig Investments.

135.    Because Mr. Howard approved the 2014 Rohrig Survey, instructed Mr. Teague to base 3110's Proposed Deed on the 2014 Rohrig Survey, and forwarded Mr. Teague's work product on behalf of 3110 Roswell Road, LLC to Rohrig Investments, all without objection, it appears that the Rohrig Parties, the Loudermilk Parties, Valentino, Mr. Howard, Mr. Teague, and 3110 Roswell Road, LLC all interpreted the Settlement Agreement in exactly the same way with respect to the identity of the 8 at 8 Property, the extension of the property line Westward to Early Street, the conveyance of a portion of the loading dock, and the meaning of "legally possible."

136.    On December 12, 2014, Valentino followed-up by email with Rohrig Investments. A true and correct copy of the email, along with its attachments, is attached hereto as **Exhibit 9** and incorporated herein by this reference.

137.    In the email, Valentino's Bill Busby explained to Rohrig Investments that"

> Attached is a PDF of our survey and a scans of our partially completed application. Please review the survey and complete the appropriate parts of the application. It looks to me like we also will need to have the 3110 owners sign a copy of the Affidavit sheet (Page 3). We also need your and their addresses for Page 1.

Id. at 1.

138.    Attached to the email are two documents.

139.    First, a draft "Request for Replatting of Nonresidential Lots" to the Atlanta's Bureau of Planning to "change the boundary between tax parcels 170099 000 50423 and 170099 000

50415" (i.e., to change the boundary line between Rohrig Investments' 3084 Roswell Road Property and 3110 Roswell Road, LLC' 3110 Roswell Road Property as a result of making the extended properly line on 8 at 8 the new boundary). *Id*. at 3.

140.    Second, a draft Nonresidential Replat Survey (the "**Replat Survey**"), which tracks the 2014 Rohrig Survey perfectly except that it shows the original boundary line as a dotted line and shows the extended 8 at 8 Property line as the new, proposed boundary line. *Id*. at 5.

141.    Notably, the Replat Survey is, consistent with Valentino's instructions, with Mr. Teague's instructions, and with Mr. Howard' instructions, addressed to "3110 Roswell Road, LLC and Rohrig Investments, LP." *Id*.

<u>Dispute under the Settlement Agreement</u>

142.    Nevertheless, Rohrig Investments rejected 3110's Proposed Deed.

143.    Rohrig Investments rejected the Proposed Deed even though 3110 Roswell Road, LLC had proposed to convey to Rohrig Investments the 8 at 8 Property in the same extended configuration that the Settlement Agreement contemplated and that Valentino depicted as a boundary line change after updating the 2007 Valentino Survey per the Settlement Agreement.

144.    Rohrig Investments rejected the Proposed Deed because the Settlement Agreement did not mention whatsoever any "no-build" easements in favor of 3110 Roswell Road, LLC.

145.    On January 15, 2015, Mr. Howard emailed Mr. Frasier. A true and correct copy of the email exchange is attached hereto as **<u>Exhibit 10</u>** and incorporated herein by this reference.

146.    In the email, Mr. Howard indicated to Mr. Frasier that:

> I met with Charlie yesterday afternoon and discussed the transfer of the 8 at 8 space.  He has approved the transfer of the area shaded in blue which includes the footprint of the building and a diagonal line from the northwest corner of the building back to the existing property line.  Charlie is not willing to touch the area of the property that includes the loading dock. Please have the surveyor update the survey and legal description for this property.  I will then

provide to Bailey to draft the Limited Warranty Deed and will have Charlie execute.

*Id*. at 2.

147.    Attached to Mr. Howard's email is a copy of the updated 2014 Rohrig Survey with a shaded area depicting the portion of 3110 Roswell Road, LLC' property that 3110 Roswell Road, LLC was willing to convey to Rohrig Investments. *Id*. a 3.

148.    On February 16, Mr. Howard forwarded the January 15, 2015 email, along with the shaded 2014 Rohrig Survey, to Valentino, indicating to Valentino that:

> I would like to have the 3110 Roswell Road survey and legal description to be prepared to show the area highlighted in blue in the attached file.

*Id*. at 1.

149.    Valentino forwarded the request from Mr. Howard to Rohrig Investments. *Id*.

150.    On March 17, 2015, the Loudermilk Parties, through Mike King, transmitted to the Rohrig Parties' counsel a letter regarding Section 3.0 of the Settlement Agreement. A copy of the letter (the "**Section 3 Letter**") is attached hereto as **Exhibit 11** and incorporated herein by this reference.

151.    In the Section 3 Letter, Mr. King indicated that, "[i]n accordance with Section 3.0 of the Settlement Agreement and Release ("Settlement Agreement") dated October 28, 2014 between the Rohrig Parties and the Loudermilk Parties, the Loudermilk Parties have obtained the attached, executed Limited Warranty Deed ("Deed") from 3110 Roswell Road, LLC." (Section 3 Letter at 1).

152.    Further, Mr. King indicated in the Section 3 Letter that "while the property line extends beyond the 8@8 office space in the direction of Early Street, it has not been legally possible to extend the property lines all of the way to Early Street." (Section 3 Letter at 1).

153. Attached to the Section 3 Letter is an original Limited Warranty Deed executed in ink by Charlie Loudermilk on behalf of 3110 Roswell, LLC.

154. Also attached to the Section 3 Letter is an "Exhibit Plat" dated February 26, 2015 and prepared by Valentino for 3110 Roswell, LLC (the "**Loudermilk Plat**").

155. The Loudermilk Plat, although bearing the same Job and File number from the 2007 Valentino Survey and updated 2014 Rohrig Survey, only has 3110 Roswell Road, LLC conveying the area that Mr. Howard had shaded on the 2014 Rohrig Survey and transmitted to Valentino for updating. *Id*.

156. The Rohrig Parties have repeatedly demanded that Defendants comply with Section 3.0 of the Settlement Agreement by providing Rohrig Investments a Limited Warranty Deed that comports to the 2014 Rohrig Survey that Valentino prepared on November 20, 2014.

157. To be sure, the 2014 Rohrig Survey is the same survey that Mr. Frasier forwarded to Mr. Howard, that Mr. Howard accepted without objection and forwarded to Mr. Teague (3110 Roswell Road, LLC's attorney) during the week of December 1, 2014, that Mr. Teague adopted for use in 3110's Proposed Deed and preparing the real estate description and easement descriptions, and that Mr. Howard represented to Mr. Frasier on December 4, 2014 would be executed by 3110 Roswell Road, LLC and delivered by December 8, 2014.

158. As of the date of this Complaint, Defendants have not, as required by Section 3.0 of Settlement Agreement, delivered to Rohrig Investments a Limited Warranty Deed granting title to Rohrig Investments to the 8 at 8 Property with (i) an extension of the property lines for the 8 at 8 Property westward to Early Street, (ii) cross easements for the benefit of 3110 Roswell Road, LLC and the Loudermilk Parties, and (iii) an easement for pedestrian traffic to the portion of the

3110 Roswell Road property commonly known as the "breezeway" in favor of Rohrig Investments.

159.    On information and belief, it is legally possible for Defendants to comply with every single one of the requirements set out in Section 3.0 of the Settlement Agreement.

160.    Therefore, Defendants have breached the Settlement Agreement.

### Additional Allegations of Agency

161.    The extensive factual allegations, *supra*, establish each of the following, all of which Rohrig Investments submits provide overwhelming indicia of apparent authority by and among the various Loudermilk family members, companies, and affiliates and, by their nature, suggest that discovery will reveal internal correspondence and agreements among such parties that delegate express authority for one Loudermilk constituent to negotiate for and bind others:

    a.  Charlie Loudermilk at one time had a direct ownership interest in each of the "LLCs" as such term is defined in the Settlement Agreement.

    b.  Charlie Loudermilk still maintains an indirect ownership interest in each of the "LLCs" as such terms is defined in the Settlement Agreement by virtue of his having transferred his direct ownership interests in the LLCs to Knuckle in 2010.

    c.  Charlie Loudermilk at one time had, along with Rohrig Investments, a direct ownership interest in Loudermilk/Rohrig 3084, LLC.

    d.  Charlie Loudermilk later maintained an indirect ownership interest in Loudermilk/Rohrig 3084 when, on information and belief, he assigned his direct ownership in 3084 to 3110 Roswell Road, LLC.

    e.  Loudermilk/Rohrig 3084, LLC is, in turn, the entity that owned the entire Roswell Road Property that is at the heart of this lawsuit, that entered into the various

Option Agreements related to the 3116 Property, that sold the 3116 Property to Novare, and that conveyed to its members, Rohrig Investments and 3110 Roswell Road, LLC (Mr. Loudermilk's entity), the remainder of the Roswell Road Property, that being what is now numbered as 3084 Roswell Road (for Rohrig Investments) and 3110 Roswell Road (for 3110 Roswell Road, LLC).

f.  Charlie Loudermilk, Robin Loudermilk, and Greg Howard are, according to representations made to this Court by 3116-3136 Roswell Road, LLC, the sole, direct owners of 3116-3136 Roswell Road, LLC.

g.  In turn, 3116-3136 Roswell Road, LLC is the entity that purchased the 3116 Property from Novare for $8 million in 2008 and then was poised to sell that property to Hanover for more than $10 million in 2014 before the Rohrig Parties filed the parking claim against 3116-3136 Roswell Road, LLC.

h.  Therefore, Charlie Loudermilk, as a member of 3116-33136 Roswell Road, LLC, had every financial incentive to see the Parking Dispute resolved as a part of the Settlement Agreement, as he was a direct, personal beneficiary of such resolution.

i.  For that matter, Charlie Loudermilk, as an indirect owner of the LLCs through Knuckle and as someone who had made significant capitalization loans to at least two of the LLCs, had every financial incentive to see that the Dissociation Issue and related property split were resolved under the Settlement Agreement.

j.  Charlie Loudermilk was to receive a release under the Settlement Agreement.

k.  In term sheets leading-up to the Settlement Conference at the Court on October 28, 2014, Mr. King made representations to Rohrig Investments, presumably with express authority, about terms and conditions that the LLCs, Robin Loudermilk,

Knuckle, 3116-3136 Roswell Road, LLC, and 3110 Roswell Road, LLC were

willing to comply with to reach a global settlement of the Disputes.

l.  In the Settlement Conference, itself, Robin Loudermilk and Greg Howard made

representations to the Rohrigs that 3110 Roswell Road, LLC would convey the 8

at 8 Property as contemplated in the Settlement Agreement, a conveyance which

made possible the resolution of the very Parking Dispute that Charlie Loudermilk

had such a personal stake in, along with Robin Loudermilk and Greg Howard.

m.  In the Announced Settlement, Mr. King described the 8 at 8 Property conveyance

in a manner suggesting that 3110 Roswell Road, LLC, having agreed to the make

the conveyance, would, in fact make the conveyance.

n.  In the Announced Settlement, Mr. King emphasized the breadth of the releases,

including as to Charlie Loudermilk and his affiliates.

o.  In the Announced Settlement, Mr. Marsh, stressed the necessity of the cross-

easements for the benefit of 3110 Roswell Road, LLC and other Loudermilks.

p.  In the efforts to document the Settlement Agreement, Mr. King represented to

Rohrigs' attorneys on November 7, 2014 that "we will agree to give Rohrig an

easement to the breezeway," a comment which suggests that Mr. King is speaking

with authority on behalf of 3110 Roswell Road, LLC, as 3110 Roswell Road,

LLC was an still is the owner of the "breezeway."

q.  All of the correspondence, *supra*, starting the week of December 1, 2014 and

continuing through February 16, 2015 by and between Greg Howard, on the one

hand, and Mr. Teague, Valentino, and Mr. Frasier, on the other hand, involved

Mr. Howard speaking and making representations and requests on behalf of 3110 Roswell Road, LLC and, for that matter, Charlie Loudermilk.

r.   As shown, *supra*, Mr. Howard is 3110 Roswell Road, LLC's registered agent.

s.   The extensive narrative of facts, *supra*, establishes, as a matter of fact, that Bailey Teague has performed substantially all of the real estate work for every single transaction described in this Amended Complaint, which transactions include real estate work on behalf 3116-3136 Roswell Road, LLC, 3110 Roswell Road, LLC, Charlie Loudermilk, Robin Loudermilk, Loudermilk/Rohrig 3084, LLC, George Rohrig, and Rohrig Investments.

t.   On information and belief, every action taken by Mr. Teague on behalf of the various Loudermilk and Rohrig parties since 2006 was taken with express, written authority, including the work he performed on December 4, 2014 to effectuate the 3110 Roswell Road, LLC conveyance under the Settlement Agreement.

162.   By way of additional, miscellaneous factual allegations, Rohrig Investments submits that each of the following provides additional factual indicia of agency relationships by and among the extensive group of Loudermilk constituencies referred to in this Amended Complaint.

163.   At the March 13, 2014 hearing in the Bankruptcy Case on Robin Loudermilk's and Knuckle's Motion for Relief from Stay, Greg Howard testified under oath about his sweeping managerial role in Charlie Loudermilk's, Robin Loudermilk's, The Loudermilk Companies', and their affiliates' corporate governance and financial and business affairs.

164.   In pertinent part, Mr. Howard, who refers repeatedly to "we" and "our" when referring to Charlie Loudermilk's and Robin Loudermilk's extensive investments, testified to this Court that:

a. As of May 2014, he would have been with The Loudermilk Companies, LLC

("**Loudermilk Companies**") for ten years as its CFO. Transcript at 62:21-23.

b. Loudermilk Companies is the "management entity for all of the Loudermilk

Family investments, several LLCs, joint ventures, as well as wholly-owned

investments." *Id*. at 63:2-4.

c. Greg Howard also "manage[s] the personal finances for both Charlie Loudermilk,

Sr., and Robert Loudermilk, his son." *Id*. at 63:5-7.

d. Greg Howard "work[s] on all of their family trusts, estate matters, estate planning.

And their family office, I manage their family office, which is heavily

concentrated into commercial real estate." *Id*. at 63:7-10.

e. Greg Howard is extensively involved in managing substantially every matter

relating to the LLCs, including "all financial reporting and accounting." *Id*. at

65:9-25.

f. Greg Howard "manage[s]all of the real estate for Loudermilk." *Id*. at 70:23-25.

g. Total Loudermilk assets under his management are "approximately $200 million

dollars in assets, commercial and personal real estate assets." *Id*. at 71:1-3.

h. Loudermilk Companies, the "management company" for the Loudermilks,

manages, "all through one office," approximately "40 to 50" of the Loudermilk

investment properties across approximately 30 "different LLCs." *Id*. at 74:18-25

and 75:1-21.

i. "In most cases, we own properties through single asset LLCs, and in some cases

an LLC may have multiple properties." *Id*. at 75:6-8.

165.    Therefore, Rohrig Investments submits that Greg Howard, who has testified extensively before this Court, who participated in every single aspect of these proceedings where the Loudermilk family interests appear, and who participated in every single aspect of these parties' global Settlement Agreement, is an expressly authorized agent for Charlie Loudermilk, Robin Loudermilk, and their entire portfolio of personal and business investments.

166.    The Loudermilk Companies maintains a website at http://loudermilkco.com/ (last visited May 3, 2017).

167.    The Loudermilk Companies' "About" page provides as follows:

> The Loudermilk Companies, LLC, is a real estate investment and operating company that develops and manages a wide variety of real estate holdings. Rooted in strong family legacy, The Loudermilk Companies has been a fixture in the Atlanta real estate market for over 20 years. The company's portfolio consists of assets that include retail, office, multifamily, parking lots and decks, residential land, timberland and mitigation banks, with total value in excess of $300 Million.

Source: http://loudermilkco.com/about/.

168.    Under its Portfolio section, the website summarizes its "Buckhead Theatre Retail" development. Notably, the Loudermilks chose as the primary photograph a photograph that includes Rohrig Investments' Peachtree Bikes retail space, the 8 at 8 Property, the breezeway that runs between the 8 at 8 Property and the Roxy Theatre, and the Roxy Theatre. Source: http://loudermilkco.com/portfolio-item/buckhead-theatre-retail/.

169.    In addition to other photographs of the Buckhead Theatre Retail location, the Loudermilks' website includes a photo taken within the Breezeway adjacent to the 8 at 8 Property and looking out onto Roswell Road. Source: http://loudermilkco.com/portfolio-item/buckhead-theatre-retail/

170.    Therefore, on information and belief, the Loudermilk Companies holds itself out to the public, via its website, as a representative and contact party for every single one of the Loudermilk properties that are at the heart of the parties' Parking Dispute.

171.    By way of additional facts providing an indicia of agency by and among the various Loudermilk constituents, Rohrig Investments notes as follows:

a.    On December 8, 2015, after Rohrig Investments moved to reopen its Bankruptcy Case to enforce the Settlement Agreement, Mr. Marsh and his colleague, Mr. Gordon, filed a Notice of Appearance on behalf of 3110 Roswell Road, LLC, the very party from which the Loudermilk Parties have tried to distance themselves.

b.    Prior to that date, Mr. Marsh and Mr. Gordon had filed a Notice of Appearance for Robin Loudermilk and Knuckle, only.

c.    On information and belief, they did not file such Notice of Appearance without express written authority from 3110 Roswell Road, LLC, nor did they file the Notice of Appearance for Robin Loudermilk and Knuckle without authority.

d.    They did, however, withdraw their Notice of Appearance for 3110 Roswell Road, LLC at 12:29 p.m. on January 6, 2016, but only following a Notice of Appearance for 3110 Roswell Road, LLC by George Geeslin minutes earlier at 11:39 a.m.

e.    When they objected to Rohrig Investments' Motion to Reopen, Knuckle and Robin Loudermilk, 3110 Roswell Road, LLC, and 3116-3136 Roswell Road, LLC filed their objections minutes apart on January 6, 2016 at 3:19 p.m., 3:21 p.m., and 3:46 p.m., respectively, with the Knuckle, Robin Loudermilk, and 3116-3136 Roswell Road, LLC objections being exactly the same and 3110 Roswell Road, LLC's objection raising the same issues raised in the other objections.

f.   Further, each and every one of the objection, despite having been filed by three

(3) separate law firms, all incorrectly attributed the *In re Phillips* case to the N.D.

Ga., rather than the M.D. Ga., as if they were co-written.


172.   Rohrig Investments submits that such additional facts suggest that Charlie

Loudermilk, Robin Loudermilk, and all of their entities, notwithstanding the appearance of

separate counsel, have participated in these proceedings as a joint enterprise on the Dissociation

Issue, the 3116 Adversary Action, the Parking Dispute, the Property Split, the Settlement

Agreement, the proceedings to reopen the Bankruptcy Case, and the instant lawsuit.

## <u>COUNT I – SPECIFIC PERFORMANCE</u>

(Against all Defendants)

173.   Plaintiff restates and re-alleges paragraph 1-67 as if fully set forth herein.

174.   As evidenced by their respective signatures on the Settlement Agreement and as

further evidenced by the Settlement Approval Order, Robin Loudermilk, Knuckle, and 3116-

3136 Roswell Road, LLC are each bound by all of the terms and conditions of the Settlement

Agreement, including, without limitation, Section 3.0 of the Settlement Agreement.

175.   As evidenced by the extensive factual allegations, *supra*, regarding agency, including,

without limitation, those factual allegations that suggest that Robin Loudermilk, Greg Howard,

3116-3136 Roswell Road, LLC, the Loudermilk Companies, and all of the attorneys who

appeared in or made representations throughout these proceedings had express authority to and

actually did bind 3110 Roswell Road, LLC and Charlie Loudermilk, 3110 Roswell Road, LLC

and even Charlie Loudermilk, himself, are also bound by all of the terms and conditions of the

Settlement Agreement, including, without limitation, Section 3.0 of the Settlement Agreement.

176.    Specifically, Rohrig Investments also submits that the factual allegations, *supra*, establish, and suggest that discovery will uncover or supplement, different, alternative, but equally sufficient forms of agency that would bind 3110 Roswell Road, LLC, including, without limitation, agency in the form of apparent authority, express authority, and actual authority.

177.    Further, Rohrig Investments submits that the factual allegations, *supra*, also establish, with or without a form of agency, that 3110 Roswell Road, LLC ratified the Settlement Agreement via its performance, including, in particular, Greg Howard's conduct on behalf of 3110 Roswell Road, LLC during the week of December 1, 2014 in having 3110 Roswell Road, LLC's attorney draw-up real estate documents that, except for the "no-build" easement, comported perfectly consistently with Section 3.0 of the Settlement Agreement and, thus, evidenced 3110 Roswell Road, LLC's belief that it was and desire to be bound.

178.    On account of the deeply interconnected, completely affiliated, and centrally-managed relationships between all of such Loudermilk constituencies and their business representatives (including, without limitation, Charlie Loudermilk, Robin Loudermilk, Greg Howard, 3116-3136 Roswell Road, LLC, 3110 Roswell Road, LLC, and the Loudermilk Companies), Plaintiff submits that it is within the power of all such parties—especially 3110 Roswell Road, LLC—to convey the 8 at 8 Property to Rohrig Investments as required in Section 3.0 of the Settlement Agreement.

179.    There is no adequate compensation at law, including monetary damages, for the failure of Defendants to perform as required under Section 3.0 of the Settlement Agreement because the Rohrig Parties specifically bargained for the conveyance of the 8 at 8 Property as depicted on the 2014 Rohrig Survey and there is no available substitute for or alternative to such unique, specific property.

180.    Without an order of specific performance by Defendants to convey the 8 at 8 Property as depicted on the 2014 Rohrig Survey,  the value of the 8 at 8 Property and the potential for development on the 8 at 8 Property and the adjoining properties owned by affiliates of Plaintiff would be seriously and materially reduced.

181.    To the extent that the statute of frauds applies to Defendants' promise to convey the 8 at 8 Property as depicted on the 2014 Rohrig Survey, such promise satisfies the statute of frauds for the sale of real property.

182.    The promise to convey is evidenced in writing in the Settlement Agreement.

183.    The promise to convey is not vague, indefinite, or ambiguous for three reasons.

184.    First, the Settlement Agreement refers to the county, city, state, and street address of the parcel that completely contains the 8 at 8 Property; expressly refers to the retail space that is well known to the parties and the public as the 8 at  8 Property; sets the well-known 8 at 8 Property as the beginning point for describing the property to be conveyed; describes in definitive plain English how and to where the 8 at 8 Property line will be extended; and contemplates cross-easements that would be rendered nonsensical unless such plain English is interpreted as requiring an *extension* of a pre-existing line building in its current, definitive course as opposed to connecting a brand new line to a pre-existing property line.

185.    Second, the facts alleged herein establish overwhelmingly that there was a multitude of extrinsic evidence that existed *before* the execution or effectiveness of the Settlement Agreement, regardless of whether the relevant cut-off date is October 28, 2014 (the date first referred to in the Settlement Agreement), November 11, 2014 (when the Rohrig Parties last executed the Settlement Agreement), or December 4, 2014 (the date on which this Court

approved the Settlement Agreement pursuant to Bankruptcy Rule 3019 and also the earliest date

that the Rohrig Parties and the Loudermilk Parties became bound by the Agreement).

186.    Such pre-existing extrinsic evidence includes each and every plat, survey,

consolidation map, and the like referenced herein and/or attached hereto, including, in critical

part, the 2014 Rohrig Survey, the 2007 Boundary Survey, and the 2007 Valentino Survey (each

of which plots definitively all of the property in question, including the 3084 Roswell Road

Property, the 3110 Roswell Road Property, and the 8 at 8 Property which served as the starting

point for the conveyance).

187.    Third, Rohrig Investments submits that the plain meaning of the phrase "legally

possible," as evidenced by the language of the Settlement Agreement, by the circumstances

leading-up to and incorporated by reference in the Settlement Agreement (including the

"Announced Settlement" and matters surrounding it), and by the actions of the Loudermilk

Parties following approval of the Settlement Agreement, is that it refers to whether it is "legally

possible" to configure the 8 at 8 Property as contemplated in the Settlement Agreement, not to

whether the Loudermilk Parties, 3110 Roswell Road, LLC, Charlie Loudermilk, or Greg Howard

are *willing* convey the 8 at 8 Property in that configuration.

188.    Rohrig Investments submits, then, that the references in the Settlement Agreement

contain a sufficient key which, in combination with such pre-existing extrinsic evidence, leads

unerringly to the property that is in dispute.

189.    Indeed, as shown, *supra*, Valentino was able to, very easily and mechanically, use the

Settlement Agreement and the 2007 Valentino Survey to not only depict the intended property

definitively, but also to prepare a definitive real estate description for the intended property.

190.    The 2014 Rohrig Survey did not depend in any way on the future acts or agreements of the parties, the discretion of the surveyor, or evidence that is impossible to discover using the various property references in the Settlement Agreement.

191.    Rohrig Investments also submits, based on information and belief and the facts alleged herein, that Greg Howard did not hesitate to adopt the 2014 Rohrig Survey on behalf of 3110 Roswell Road, LLC; to instruct 3110 Roswell Road, LLC's longtime attorney to use the 2014 Rohrig Survey to prepare the Limited Warranty Deed, real estate description, and cross-easements; and to represent on 3110 Roswell Road, LLC's behalf that 3110 Roswell Road, LLC would execute the resulting Limited Warranty Deed that 3110 based on the 2014 Rohrig Survey.

192.    Thus, the Settlement Agreement contains a definite, enforceable promise that was definite and enforceable on or before the execution or effectiveness of the Settlement Agreement.

193.    And, thus, Defendants' failure to provide a Limited Warranty Deed for the 8 at 8 Property as depicted and described definitively on the 2014 Rohrig Survey and accompanying real estate description reduced the area of the 8 at 8 Property, which the Rohrig Parties bargained for, from 3,265 ft² to 1,555 ft², a reduction of 1,710 ft².

194.    This reduction in size impacts not only the ground space covering the loading dock for the Buckhead Theatre (which Plaintiff agreed that Defendants could retain an access easement to), but it also impacts the air rights over the deleted area—thereby effectively preventing any multi-story development of the site.

195.    The Plaintiff and other Rohrig interests own the properties adjacent to the 8 at 8 Property to the south between Roswell Road and Early Street, and would have the right to seek development of a multi-story project on the site, the value of which development would be significantly diminished due to lack of air rights over the disputed portion of the 8 at 8 Property.

196.    Even if this Court determines that the Settlement Agreement does not satisfy the statute of frauds, Rohrig Investments submits that the factual allegations made herein support the intervention of the various statutory exceptions to the statute of frauds to require specific performance, as follows:

   a.  The Rohrig Parties have performed all of their obligations under the Settlement Agreement completely, including their obligation to cancel the Parking Rights Affidavit and dismiss with prejudice their appeal of the Dissociation Issue.

   b.  The Loudermilk Parties, as well as Charlie Loudermilk, 3110 Roswell Road, LLC, the LLCs, and Greg Howard, accepted and benefitted extraordinarily from the Rohrig Parties' complete performance under the Settlement Agreement.

   c.  By way of example, only, Charlie Loudermilk, Robin Loudermilk, and Greg Howard benefited extraordinarily and immediately when their 3116-3136 Roswell Road, LLC entity was permitted to proceed with the $10 million sale to Hanover following cancelation of the Parking Rights Affidavit by the Rohrig Parties.

   d.  The Rohrig Parties relinquished such significant and irretrievable rights and claims in favor of each and every one of the Loudermilk Parties, as well as Charlie Loudermilk, 3110 Roswell Road, LLC, the LLCs, and Greg Howard, that it would render a fraud on the Rohrig Parties if all of such Loudermilk constituencies were permitted to accept the extraordinary rewards from the Rohrig Parties' performance without those Loudermilk constituencies being required to specifically perform as the Rohrig Parties bargained for, particularly given that such specific performance in wholly within the control of the Loudermilks.

      e.   Further, the factual allegations herein also state a saving claim of promissory estoppel that would estop 3110 Roswell Road, LLC and the Loudermilk Parties from refusing to perform under the Settlement Agreement.

197.    Rohrig Investments is entitled to, and hereby requests, an order of specific performance that Defendants satisfy the Section 3.0 Requirements, including an order that Defendants deliver a Limited Warranty Deed to Rohrig Investments in the form attached hereto on **Exhibit 12** and incorporated herein by this reference.

198.    Additionally, on account of Defendants' material breach and stubborn litigiousness, as well as their causing Rohrig Investments unnecessary trouble and expense in enforcing Defendants' obligations under the Settlement Agreement, Rohrig Investments is also entitled to, and hereby requests, its reasonably attorneys' fees and expenses incurred in bringing this action under O.C.G.A. § 13-6-11.

## COUNT II – BREACH OF CONTRACT

### (Against all Defendants)

199.    Plaintiff restates and re-alleges paragraphs 1-77 as if fully set forth herein.

200.    In the event that, for any reason, the Court finds that Plaintiff is not entitled to specific performance of the Settlement Agreement from Defendants, Plaintiff alternatively seeks monetary damages for breach of contract in an amount equal to the greater of (i) the value of the 8 at 8 Property as depicted on the 2014 Rohrig Survey to Rohrig Investments or (ii) the value of the parking spaces for which the 8 at 8 Property was exchanged, each at a value to be shown at trial.

201.    To be sure, Rohrig Investments submits that even if this Court determines that Defendants were only required to convey the 8 at 8 Property, itself, as platted, rather than as

enlarged, Defendants are still in breach because they have, to date, (i) never delivered a deed to Rohrig Investments for such configuration of the 8 at 8 Property with the required accompanying easement over the breezeway and (ii) failed to deliver any deed to Rohrig Investments within three (3) days after this Court's December 4, 2014 approval of the Settlement Agreement.

202.    Additionally, on account of Defendants' material breach and stubborn litigiousness, as well as their causing Rohrig Investments unnecessary trouble and expense in enforcing Defendants' obligations under the Settlement Agreement, Rohrig Investments is also entitled to, and hereby requests, its reasonably attorneys' fees and expenses in bringing this action under O.C.G.A. § 13-6-11.

## <u>COUNT III – BREACH OF CONTRACT</u>

(Against Robin Loudermilk, Knuckle, and 3116-3136 Roswell Road, LLC)

203.    Plaintiff restates and re-alleges paragraphs 1-77 as if fully set forth herein.

204.    As established in Count I, the promise that the Loudermilk Parties made under Section 3.0 of the Settlement Agreement is not vague, indefinite, or ambiguous.

205.    Therefore, even if this Court finds that 3110 Roswell Road, LLC and Charlie Loudermilk are not bound by Section 3.0 of the Settlement Agreement, the Loudermilk Parties made a clear, definite, and enforceable promise to obtain the 8 at 8 Property in the configuration depicted on the 2014 Rohrig Survey from 3110 Roswell Road, LLC and convey it to Rohrig Investments within three (3) days after this Court authorized the Settlement Agreement.

206.    The Loudermilk Parties assumed the risk that 3110 Roswell Road, LLC might change its mind or agree to convey less than what the Loudermilk Parties promised that 3110 Roswell Road, LLC would convey.

207.    The only risk of nonperformance that the Loudermilk Parties did not assume was the risk that some law, regulation, ordinance, or the like that is beyond their and 3110 Roswell Road, LLC's control would intervene to make it not "legally possible" to convey the 8 at 8 Property in the configuration contemplated in the Settlement Agreement (e.g., something that makes it impossible for 3110 Roswell Road, LLC, even if it is willing, to make the conveyance).

208.    The only excuse for nonperformance raised by the Loudermilk Parties is that it was not possible to convey that configuration of the 8 at 8 Property because 3110 Roswell Road, LLC was not willing to convey that configuration.

209.    The Loudermilk Parties have not claimed that the conveyance is impossible even if 3110 Roswell Road, LLC was willing to make the conveyance.

210.    In fact, the facts alleged herein establish that Valentino and Mr. Teague (3110 Roswell Road, LLC's real estate attorney) concluded that it is "legally possible" for 3110 Roswell Road, LLC to convey the 8 at 8 Property as shown on the 2014 Rohrig Survey.

211.    Therefore, in the alternative to Counts I and I, Rohrig Investments seeks monetary damages against the Loudermilk Parties for breach of contract in an amount equal to the greater of (i) the value of the 8 at 8 Property as depicted on the 2014 Rohrig Survey to Rohrig Investments or (ii) the value of the parking spaces for which the 8 at 8 Property was exchanged, each at a value to be shown at trial.

212.    To be sure, Rohrig Investments submits that even if this Court determines that the Loudermilk Parties were only required to convey the 8 at 8 Property, itself, as platted, rather than as enlarged, the Loudermilk Parties are still in breach because they have, to date, (i) never delivered a deed to Rohrig Investments for such configuration of the 8 at 8 Property with the required accompanying easement over the breezeway and (ii) failed to deliver any deed to

Rohrig Investments within three (3) days after this Court's December 4, 2014 approval of the Settlement Agreement.

213.    Additionally, on account of the Loudermilk Parties' material breach and stubborn litigiousness, as well as their causing Rohrig Investments unnecessary trouble and expense in enforcing the Loudermilk Parties' obligations under the Settlement Agreement, Rohrig Investments is also entitled to, and hereby requests, its reasonably attorneys' fees and expenses in bringing this action under O.C.G.A. § 13-6-11.

## COUNT IV – QUANTUM MERUIT AND UNJUST ENRICHMENT

(Against 3110 Roswell Road, LLC)

214.    Plaintiff restates and re-alleges paragraphs 1-77 as if fully set forth herein.

215.    Plaintiff pleads, in the alternative to its claims for relief against 3110 Roswell Road, LLC in Counts I and II a claim for quantum meruit and/or unjust enrichment.

216.    As argued, *supra*:

    a.    The Rohrig Parties have performed all of their obligations under the Settlement Agreement completely, including their obligation to cancel the Parking Rights Affidavit.

    b.    3116-3136 Roswell Road, LLC and its individual members—Charlie Loudermilk, Robin Loudermilk, and Greg Howard—each accepted and benefitted extraordinarily, either directly or indirectly, from the Rohrig Parties' immediate cancellation of the Parking Rights Affidavit.

    c.    That is because 3116-3136 Roswell Road, LLC was permitted to proceed with the $10 million sale to Hanover only after the Rohrig Parties cancelled the Affidavit.

217.    Rohrig Investments submits that 3110 Roswell Road, LLC, by virtue of its status as an entity owned by Charlie Loudermilk (who benefitted extraordinarily from the cancellation of the Parking Rights Affidavit) and its status as an entity that is one part of Charlie Loudermilk and Robin Loudermilk's larger portfolio of investments, benefitted from and received value from Rohrig Investments' performance under the Settlement Agreement in an amount to be proven at trial.

218.    3110 Roswell Road, LLC, as shown by the conduct of the Loudermilk Companies, Robin Loudermilk, and Greg Howard, requested and knowingly accepted such benefits and value from Rohrig Investments.

219.    Rohrig Investments did not, among other things, cancel the Parking Rights Affidavit, dismiss the Dissociation Appeal, and agree to the LLC property split gratuitously.

220.    Rather, Rohrig Investments expected to receive compensation for, and viewed the 8 at 8 Property conveyance as the linchpin for, cancelling the Parking Rights Affidavit.

221.    Rohrig Investments has demanded that 3110 Roswell Road, LLC make the 8 at 8 Property Conveyance, but 3110 Rowell Road, LLC has refused to make it.

222.    It would be unjust to permit 3110 Roswell Road, LLC to receive the value of and benefits from Rohrig Investments' performance.

223.    Therefore, in the alternative to a recovery against 3110 Roswell Road, LLC under Counts I and II, Rohrig Investments is entitled to, and hereby demands, a judgment against 3110 Roswell Road, LLC in quantum meruit for the value and benefit conferred on 3110 Roswell Road, LLC as a result of Rohrig Investments' performance, as proven at trial.

224.    As another alternative, still, permitting 3110 Roswell Road, LLC to avoid compensating Rohrig Investments for the value and benefit conferred on 3110 Roswell Road,

LLC as a result of Rohrig Investments' performance would result in 3110 Roswell Road, LLC being unjustly enriched at Rohrig Investments' expense, regardless of whether 3110 Roswell Road, LLC knowingly requested and accepted such value and benefit.

225.    In fairness and good conscience, 3110 Roswell Road, LLC must compensate Rohrig Investments to the extent of the value and benefit conferred on 3110 Roswell Road, LLC.

226.    Therefore, in the alternative to a recovery against 3110 Roswell Road, LLC under Counts I and II or for quantum meruit, Rohrig Investments is entitled to, and hereby demands, a judgment against 3110 Roswell Road, LLC for unjust enrichment for the value and benefit conferred on 3110 Roswell Road, LLC as a result of Rohrig Investments' performance, as proven at trial.

## COUNT V – REFORMATION OF SETTLEMENT AGREEMENT

(Against all Defendants as Equity Permits)

227.    Plaintiff restates and re-alleges paragraphs 1-77 as if fully set forth herein.

228.    The factual allegations made herein reveal that, under the watchful eye of this Court, these parties, who have a history going back decades, engaged in an extraordinary and, for the most part, good faith effort to settle an equally extraordinary, urgent, sweeping, deeply-interconnected, and complicated dispute.

229.    To the extent that this Court is inclined not to enforce Section 3.0 of the Agreement, which Section 3.0 the Rohrig Parties viewed as the linchpin and threshold requirement for the entire global settlement, then Rohrig Investments respectfully submits that this Court should intervene as a matter of equity to reform the Settlement Agreement to effectuate the true intention of the parties, particularly given that this Court approved the Settlement Agreement, incorporated the Settlement Agreement in its Settlement Order, and incorporated the Settlement

Agreement into and made the Settlement Agreement a part of the confirmed Chapter 11 Plan that permitted Rohrig Investments to exit Chapter 11 in lieu of continued litigation.

WHEREFORE, Rohrig Investments respectfully requests that this Court

a) Grant relief that is consistent with Counts I through V, and the manner in which they are plead in the alternative; and

b) Grant Rohrig Investments such additional legal and equitable relief as this Court deems just.

Respectfully submitted, this 3rd day of May, 2017.

STONE & BAXTER, LLP
By:

*/s/ David L. Bury, Jr.*
Ward Stone, Jr.
Georgia Bar No. 684630
David L. Bury, Jr.
Georgia Bar No. 133066

Fickling & Co. Building, Suite 800
577 Mulberry Street
Macon, Georgia 31201
Tel: (478) 750-9898
Fax: (478) 750-9899
wstone@stoneandbaxter.com
dbury@stoneandbaxter.com          Attorneys for Plaintiff Rohrig Investments

G:\CLIENTS\Rohrig v. Chapter 11\Loudermilk Lawsuit (2015)\Amended Complaint\Amended Complaint (redline for upload 05.03.17).docx