**IT IS ORDERED as set forth below:**

**Date: October 5, 2021**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>ROHRIG INVESTMENTS, LP,<br><br>    Debtor. | CASE NO. 13-53483-BEM<br><br>CHAPTER 11 |
| ROHRIG INVESTMENTS, LP,<br><br>    Plaintiff,<br><br>v.<br><br>KNUCKLE PARTNERSHIP, LLLP; 3116-3136 ROSWELL ROAD, LLC; and ROBERT C. LOUDERMILK, JR.,<br><br>    Defendants. | ADVERSARY PROCEEDING NO. 16-5151-BEM |

**O R D E R**

This matter is before the Count on Plaintiff's *Motion and Brief in Support of Motion for Leave to Amend Complaint*, filed on July 12, 2021. [Doc. 114]. By the proposed amendment, Plaintiff seeks to add a claim against Defendants for fraud. Defendants have filed a Response [Doc.

116], and Plaintiff has filed a Reply. [Doc. 117]. The Motion is now ripe for determination. Although it is a close question, the Court finds that the interests of justice would best be served by allowing the amendment, and the Court will grant the Motion.

**I. Background**

This proceeding arises out of a global settlement agreement (the "Settlement Agreement") that enabled Plaintiff's Chapter 11 plan to be confirmed. Among other things, the Settlement Agreement required Defendants to obtain certain real property and transfer it to Plaintiff. The property consisted of a commercial building with its property lines extended westward (the "Property"). Defendants proffered a deed to and the Property, but the deed included a no-build restriction that had not been part of the Settlement Agreement. The Property was owned by a non-party to the Settlement Agreement, 3110 Roswell Road, LLC ("3110"), who refused to transfer the Property in full.

Plaintiff initiated this proceeding by filing a *Complaint to Enforce Settlement Agreement and Release* on July 6, 2016, asserting claims for specific performance and breach of contract due to Defendants' failure to transfer the entire Property. On April 3, 2017, the Court entered an order dismissing the complaint and granting Plaintiff leave to file an amended complaint. [Doc. 21]. The *Amended Complaint to Enforce Settlement Agreement and Release* was filed on May 3, 2017 and supplemented with exhibits on May 4, 2017. [Docs. 27, 29, 30]. It asserted claims for specific performance, breach of contract, quantum meruit and unjust enrichment, and reformation of the Settlement Agreement. Plaintiff also filed a motion to reconsider the dismissal order. [Doc. 23]. On March 30, 2018, the Court entered an order resolving the motion to reconsider and dismissing the amended complaint in part. [Doc. 54]. This second dismissal order was affirmed in part and reversed in part by the District Court on March 31, 2020.

2

[Doc. 74]. A scheduling order was entered on December 2, 2020 (the "Scheduling Order") that approved deadlines agreed by the parties in a *Joint Preliminary Report and Discovery Plan* (the "Joint Report"). [Docs. 87, 88]. Plaintiff then filed a *Motion to Enforce Settlement Order and Settlement Agreement* on December 7, 2020 [Doc. 90], which was denied on March 12, 2021 [Doc. 99]. A motion to reconsider was also denied on May 28, 2021. [Docs. 102, 110]. As a result of all these rulings, Plaintiff is left with a claim for damages for breach of contract against Defendants.

Plaintiff filed a *Motion for Partial Summary Judgment* on August 11, 2021 [Doc. 118], and the parties agreed to stay Defendants' time to respond until after the receipt of deposition transcripts for depositions scheduled for September 29 and 30, 2021. [Docs. 121, 122]. Now, more than five years after the original complaint was filed, Plaintiff seeks leave to amend its complaint to add a claim for fraud pursuant to O.C.G.A. § 51-6-2.

**II. Legal Standard and Positions of the Parties**

Federal Rule of Civil Procedure 15 governs amendment of pleadings and provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2), made applicable by Fed. R. Bankr. P. 7015. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). However, a request to amend a complaint may be denied for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Id.*

Plaintiff contends that new evidence in the form of deposition testimony by Robert C. Loudermilk, Jr. ("Loudermilk Jr.") and Gregory D. Howard ("Howard"), has confirmed its

3

long-held suspicions of fraudulent misconduct. Plaintiff further contends that the fraud claim is free from any time bar because it relates back to the original pleading in that it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out" in the original complaint. Fed. R. Civ. P. 15(c)(1)(B). Defendants contend the Motion should be denied because it would cause undue delay and it is futile.

Plaintiff filed a copy of its proposed amendments with the Motion. Plaintiff would replace paragraphs 121, 122, 158, 201, and 212 of the amended complaint, and would add paragraphs 231-239 and subsection (c) of the WHEREFORE clause. Paragraph 121 is expanded to allege actions by Howard on December 1, 2014 concerning preparation of a deed to the Property.[1] Paragraph 122 is expanded to allege that Defendants did not consult with 3110 prior to a hearing on the motion to approve the Settlement Agreement. Paragraph 158 removes reference to the commercial building and a breezeway easement that are no longer in issue.[2] Paragraphs 201 and 212 both remove an allegation of Defendants' failure to deliver a deed for a certain configuration of the Property with a breezeway easement, so that as amended the paragraphs would allege only a failure to deliver any deed within three days after approval of the Settlement Agreement. Paragraphs 231 to 239 set forth Count VI – Fraud, which allege that Defendants and their attorneys made material misrepresentations about their ability to obtain the deed to the Property and the willingness of 3110 to transfer the Property and that those misrepresentations are present in the Settlement Agreement. The addition to the WHEREFORE clause requests compensatory and punitive damages under Count VI.

---

[1] Amended paragraph 121 appears to have a scrivener's error, as it refers to "Plaintiff's executive John Howard," which likely should be "John Frasier."
[2] See Doc. 99 n.1.

4

**III. Analysis**

    **A. Undue Delay or Prejudice to Defendants**

  First, with respect to timeliness of the Motion, Defendants argue that allowing the amendment would result in undue delay because, based on the Scheduling Order, the pleadings closed on December 30, 2020, and Plaintiff itself admits that it previewed its fraud allegations in papers filed on December 7, 2020. The Joint Report was filed on November 30, 2020, and the deadlines therein were approved by the Court on December 2, 2020. [Docs. 87, 88]. Paragraph 6(b) of the Joint Report provides that "Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law." The Motion to Amend was filed far outside the deadline in the Joint Report. Rule 16(b)(4), made applicable by Bankruptcy Rule 7016(a), requires a showing of "good cause" to modify a scheduling order. Fed. R. Civ. P. 16(b)(4); *see also* BLR 7016-1(b). When a motion to amend the complaint is filed after the scheduling order's deadline, the plaintiff must first show good cause under Rule 16(b) before the Court will consider whether to allow an amendment under Rule 15. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note).

  Here, Plaintiff seeks to amend its complaint based on evidence newly discovered from the depositions of Loudermilk Jr. and Howard. Pursuant to the Joint Report, discovery in this proceeding was set to commence after the Court ruled on Plaintiff's *Motion to Enforce Settlement and For Other Relief*. An order ruling on that motion was entered on March 12, 2021. The depositions of Loudermilk Jr. and Howard were conducted on June 15, 2021. Transcripts of the

5

depositions are dated July 8, 2021. [Docs. 115-1, 115-3]. The Motion to Amend was filed on July 12, 2021. Plaintiff contends that the depositions were scheduled by agreement in a process that began nine days after Defendants served responses to Plaintiff's *First Interrogatories and First Request for Production of Documents*. [Doc. 114 at 8]. Given these facts, the Court finds Plaintiff's delay in filing the Motion was not due to any lack of diligence by Plaintiff, and good cause exists allow Plaintiff to file its Motion outside of the deadline in the Scheduling Order.

Next, with respect to undue delay, Defendants argue that if the amendment is allowed, it would further protract the proceedings when discovery is already underway. Plaintiff contends the amendment does not cause undue delay because the motion to amend was filed the next business day after the receipt of transcripts from the depositions of Loudermilk Jr. and Howard and because the case is not presently on any trial calendar. Furthermore, because of the heightened pleading standard for fraud in Rule 9(b), Plaintiff could not have amended the complaint prior to obtaining the evidence in the depositions.

Without more, "the mere passage of time is not enough to deny a motion to amend[.]" *Burns v. Winnebago Inds., Inc.,* 492 F. App'x 44, 46 (11th Cir. 2012). However, "[p]rejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citing *Jameson v. Arrow Co.*, 75 F.3d 1528, 1534 (11th Cir. 1996)). In *Campbell*, the court found the district court did not abuse its discretion in denying a motion to amend the complaint to add a breach of fiduciary duty claim when the "motions for leave to amend were filed more than one year after discovery had ended, after dispositive motions had been filed, … between five-and-six years after the lawsuits were begun[,] … [and] [t]he facts upon which the claims for breach of fiduciary duty against the individual defendants were based

6

were available at the time the complaints were filed." *Id.* The Eleventh Circuit has also found undue delay (1) when the parties and the court were fully prepared for trial, adding a claim would delay trial, and there was adequate opportunity to request the amendment before the pretrial order was submitted; and (2) when the request was made 30 months after the original complaint was filed and the only reason for the delay was because the plaintiff retained new counsel. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

Here, the Motion was filed approximately five years after the original complaint was filed. However, because of motions to dismiss and appeals, the proceeding is not yet ready for trial. The Motion was filed prior to the filing of any motions for summary judgment. Although Plaintiff filed its motion for summary judgment shortly after filing the Motion to Amend, responses to the summary judgment motion are temporarily stayed at the request of both parties. Additionally, while Plaintiff raised concerns about fraud in December 2020, Plaintiff correctly notes that it could not allege fraud until it could do so with particularity under Rule 9(b). Given these facts, the Court cannot conclude that allowing the amendment would cause undue delay in the proceeding or prejudice to Defendants.

### B. Futility

Defendants argue that allowing the amendment is futile because the allegations do not allege fraud. To the extent the fraud is based on representations made to induce Plaintiff to enter into the settlement agreement, the merger clause in the settlement agreement precludes reliance on such representations. To the extent the fraud is based on Defendants' promise to obtain a deed from 3110, it cannot be sustained because that is a promise as to a future event. Plaintiff argues that the merger clause is not a bar to its claim because the alleged misrepresentation is in the terms of the contract. Additionally, Plaintiff contends the fraud is not based on a promise of

7

future events because Defendants allegedly knew they could not obtain the deed prior to making such promise.

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to a summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Here, the fraud claim is premised on misrepresentations by Defendants and their attorneys and by the promise to obtain a deed from 3110. Defendants argue that the merger clause in the Settlement Agreement bars any such claim for fraud and that promises of future events cannot form the basis of a fraud claim. Defendants are correct on both points.

One of the elements of a fraud claim is justifiable reliance. *Novare Grp., Inc. v. Sarif*, 290 Ga. 186, 190, 718 S.E.2d 304, 309 (2011). But when a contract contains a merger clause, there can be no justifiable reliance on representations outside the terms of the contract. *Id.* Additionally, "actionable fraud cannot be predicated on a promise contained in a contract because the promise is to perform some act in the future, and '[n]ormally fraud cannot be predicated on statements which are in the nature of promises to future events.'" *BTL COM Ltd., Co. v. Vachon*, 278 Ga. App. 256, 259, 628 S.E.2d 690, 694 (2006) (quoting *Goodlett v. Ray Label Corp.*, 171 Ga. App. 377, 378, 319 S.E.2d 533, 535 (1984)). There are two exceptions to the general rule. First, fraud may be actionable if "a promise as to future events is made with a present intent not to perform or … the promisor knows that the future event will not take place." *Id.* (quotation marks and citations omitted). Second, fraud may be actionable "if the particular statement at issue in the contract was not a future promise but a present misrepresentation of fact[.]" *Id.* (quotation marks and citations omitted). Additionally, "[f]raudulent intent at the time of contracting can be inferred based on subsequent conduct of the defendant that is unusual, suspicious, or inconsistent with what

8

would be expected from a contracting party who had been acting in good faith." *Id*. at 261, 628 S.E.2d at 696.

The proposed amendments include allegations that beginning with settlement discussions that first occurred on October 25, 2014, Defendants and their attorneys made material misrepresentations about the willingness of 3110 to convey the Property and about Defendants' ability to obtain the required deed. The amendments also allege that these misrepresentations are present in the Settlement Agreement's terms. More specifically, the amendments allege that at the time of negotiations, Defendants knew the boundaries of the Property to be transferred would cross a loading dock, Defendants believed 3110 would not agree to such a conveyance, and Defendants did not consult with 3110 prior to signing the Settlement Agreement. The amendments also allege that on December 1, 2014, prior to the hearing on approval of the Settlement Agreement, Greg Howard instructed Defendants' real estate attorney to prepare the deed for the Property with a no-build easement. Given these allegations, even with the limitations on a claim for fraud arising out of a contract, the Court cannot conclude that Plaintiff's claim for fraud would be futile.

Based on the foregoing, it is

ORDERED that Plaintiff's Motion is GRANTED, and Plaintiff shall file its amended complaint within ten days from entry of this Order. It is further

ORDERED that the *Amended Complaint to Enforce Settlement Agreement and Release* [Doc. 30] will only be superseded as to the new paragraphs identified by Plaintiff. All other claims in the Amended Complaint will remain subject to orders previously entered in this proceeding.

**END OF ORDER**

**Distribution List**

Stephen Anderson
Anderson Dailey LLP
3151 Maple Drive NE
Atlanta, GA 30305

Rickman Brown
Anderson Dailey, LLP
3151 Maple Drive, NE
Atlanta, GA 30305

Joseph J. Burton, Jr.
Mozley, Finlayson & Loggins, LLP
Suite 1500
1050 Crown Pointe Parkway
Atlanta, GA 30338

Sean A. Gordon
Greenberg Traurig, LLP
Terminus 200 - Suite 2500
3333 Piedmont Road, NE
Atlanta, GA 30305

Michael J. King
Greenberg Traurig, LLP
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, GA 30305